NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE:  APPLE INC.,**
*Petitioner*

---

2021-147

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:20-cv-00665-ADA, Judge Alan D. Albright.

---

**ON PETITION**

---

Before REYNA, CHEN, and STOLL, *Circuit Judges.*

REYNA, *Circuit Judge.*

## O R D E R

Koss Corporation filed the underlying patent infringement suit against Apple Inc. in the United States District Court for the Western District of Texas.  Apple maintains its principal place of business in Cupertino, California, but also has a large corporate campus in Austin, Texas.  Apple moved pursuant to 28 U.S.C. § 1404(a) to transfer the infringement action to the United States District Court for the Northern District of California.  The district court denied the motion.  Apple filed this petition seeking a writ of mandamus directing transfer.

The legal standard for mandamus relief is demanding. A petitioner must establish, among other things, that the right to mandamus relief is "clear and indisputable." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 381 (2004) (citation and internal quotation marks omitted). Under applicable Fifth Circuit law, district courts have "broad discretion in deciding whether to order a transfer." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc) (citation and internal quotation marks omitted). "[I]n no case will we replace a district court's exercise of discretion with our own; we review only for clear abuses of discretion that produce patently erroneous results." *Id.* at 312. Accordingly, where a decision applies transfer rules, we must deny mandamus unless it is clear "that the facts and circumstances are without any basis for a judgment of discretion." *Id.* at 312 n.7 (citation and internal quotation marks omitted). Apple has not satisfied that exacting standard here.

The district court considered the convenience factors and explained its reasoning at length. It noted that two non-party potential witnesses reside in the Western District of Texas who were unwilling to travel to California to testify,[*] Appx13, that Apple appeared to rely on a number of employee witnesses within the transferee venue that were not likely to be called at trial as well as employee witnesses residing hundreds of miles outside of the transferee venue, Appx17–18, and that one of the inventors was

---

[*]    Although the district court suggested that it was unlikely that one of these witnesses would end up testifying at trial, it did not rule out that he has material information relevant to this case, and Koss stated that he "has already been an integral part of the litigation process, and his involvement has only become more critical as the parties delve into fact discovery post-*Markman*." Resp. at 13 n.2.

willing to travel from California to Texas to testify, Appx21. The district court further found that judicial-economy considerations weighed against transfer because of co-pending lawsuits concerning the same patents in the same judicial division, Appx22–24, and that there were connections between the Western District of Texas and events that gave rise to this suit, Appx27. To be sure, the district court's analysis was not free of error. Among other things, it improperly diminished the importance of the convenience of witnesses merely because they were employees of the parties. Even under these circumstances, we cannot say that Apple has shown entitlement to this extraordinary relief.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

August 04, 2021      /s/ Peter R. Marksteiner
Date      Peter R. Marksteiner
     Clerk of Court

s28